NicholsoN, C. J.,
delivered the opinion of the Court.
Complainant alleges that he is the owner, by purchase, of two shares in a tract of land, of 135 acres, in Coffee county, of which James Cunningham died seised, several years ago. He states, that, shortly after the death of Cunningham, the land was sold for taxes, and bought by one Frazier; and that after the time of redemption had expired, he conveyed the land to Sally Cunningham, one of the heirs of James Cunningham, deceased, for the consideration of $100. He charges that the guardian of two of Cunningham’s minor heirs redeemed the land from *290 Frazier, for the benefit of all the heirs; and that the guardian paid for the land out of money in his hands belonging to his wards, but that the deed was drawn to Sally Cunningham alone. He prays that the redemption be declared for the benefit of all. the heirs, and that the land be sold for partition:
Sally Cunningham answers, and admits that Frazier executed to her a deed for the land, as charged; but she denies that the guardian of two of the minor heirs redeemed the land from Frazier, for the benefit of his wards, or for any purpose; or that he advanced or paid to Frazier the $100, or any part thereof; or that the money belonged to the guardian or his wards; but she avers that the money was paid by one Webster, by her order, and for her exclusive benefit, and she thereby became the owner in fee, of the land. She then charges that one McDowell is in possession of part of the land as tenant of complainant; and she prays that her answer be filed as a cross bill, and that the' possession of that part be restored. But no bond for costs is given for the prosecution of the cross bill, nor was any process issued thereon. The answer being sworn to, and being responsive to the allegations of the bill, it must be taken as true, unless the proof overturns it.
The evidence mainly relied on to sustain the allegations of the bill, and to rebut the denials of the answer, consists of declarations made by the guardian, who is dead; but as these declarations were neither made when the money was paid to Frazier, nor when Frazier made the deed to Sally Cunningham, nor in her presence, they are wholly incompetent.
*291 The only other evidence tending to sustain the bill, is that of "Webster. He says Frazier told him he would make a deed to Sally Cunningham, if she would pay him §100, and he would make it to no one else. He communicated this to complainant, and advised him to raise the money, and let the deed be made to Sally, but he refused. Witness says, he then told Sally what Frazier said, and she was willing to take the conveyance if she had the money, and she was willing to deed half the land to any one who would furnish her the money. Witness then. told the guardian what Sally said, and the guardian agreed to furnish the money, but did .not have it. Witness then procured the money from his nephew, and paid it to Frazier, who thereupon made the deed to Sally. The guardian had never repaid the §100 to witness’ nephew, but witness had agreed to let his nephew board it out with him. It was witnesses’ understanding that the guardian was acting in the matter as guardian, but he fails to prove that Sally was taking the conveyance in any other way than for her own benefit, nor does he show that the guardian did anything in the matter, nor does the proof show that she was redeeming the land. The time for redemption had expired; the land was the absolute property of Frazier, if the tax sale was valid. There is no proof showing that she purchased in any other way than for her own benefit, nor did Frazier sell and convey in any other way. Sally, therefore, could legally purchase for her own benefit, and the other heirs had no right to hold her responsible as a trustee. 3 Head, 202.
It is manifest that the proof fails to overcome the evi- *292 deuce furnished by the answer, and hence, that the bill must be dismissed. The Chancellor so held, and to that extent we affirm his decree. But he gave the defendant relief on her cross bill. This was erroneous. As there was no bond for costs, and no process issued, the answer could not be entertained as a cross bill. The bill and cross bill will, therefore, be both dismissed; and the costs of this court, and of the court below, will be paid by complainant.
Mr. Isbell filed a petition for re-hearing, in which he asked that the Court would dismiss the bill without prejudice, because the testimony of Webster could now be contradicted by Duke Webster, his nephew, who was absent in California when the deposition of the witness, Webster, was taken; and that he would prove that he loaned the money to McEaddin, the guardian, and not to the witness, Webster; that the complainant could also prove, by a recently discovered witness, admissions of defendant that the redemption was made for all the heirs; that the tax sale was void, for insufficiency of description; and that, as to part of the land, the complainant had been in actual possession of it for many years, holding it adversely to all others, and was so holding at the time of defendant’s purchase.
By the Court:
The petition does not make out a case for dismissing the bill without prejudice. If the new evidence was before us in a shape to be noticed by us, there is no sufficient reason why it was not produced on the trial. The decree will stand.